# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1064V
UNPUBLISHED

| | |
|---|---|
| RENAE FITZGERALD,<br><br>                       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                       Respondent. | Chief Special Master Corcoran<br><br>Filed: March 7, 2023<br><br>Special Processing Unit (SPU); Dismissal; Insufficient Evidence; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Kevin O'Connor*, O'Connor Law Firm, Ltd., Chicago, IL, for Petitioner.

*James Vincent Lopez*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On August 24, 2020, Renae Fitzgerald filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") which meets the Table definition for GBS or which, in the alternative, was caused-in-fact by the trivalent influenza vaccine he received on September 29, 2017. Petition at 1, ¶¶ 2, 11, 14.

For the reasons set forth below, I hereby DENY entitlement in this case. Despite being provided multiple opportunities, Petitioner has failed to provide the evidence

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all Section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

needed to establish that he suffered the residual effects of his alleged SIRVA for more than six months. Section 11(c)(1)(D)(i) (statutory six-month requirement).

### Relevant Procedural History

Along with the petition and during the two months thereafter, Mr. Fitzgerald filed the affidavit and some of the medical records required by the Vaccine Act. Exhibits 1-7 (filed twice), ECF Nos. 1, 8, 10-19, 21-24. On November 24, 2020, the case was activated and assigned to the Special Processing Unit (OSM's process for attempting to resolve certain, likely-to-settle claims). ECF No. 26.

During the initial status conference held on February 25, 2021, detailed information was provided to Petitioner's counsel regarding the required medical records and correct labeling and filing procedures. ECF No. 29. During the subsequent 15-month period, Petitioner filed additional medical records. Exhibits 8-18, ECF Nos. 32-37, 42, 49-52.

On May 17, 2022, Respondent indicated that he had completed his review and identified outstanding medical records. Status Report at 1, ECF No. 57. Moreover, he maintained "there is no objective evidence that [P]etitioner 'suffered the residual effects or complications of [his] illness, disability, injury, or condition for more than 6 months after the administration of the vaccine' or otherwise underwent a 'surgical intervention.'" *Id.* at 1-2 (quoting Section 11(c)(1)(D).

Respondent argues that the medical records show Petitioner had dramatically recovered by his last neurology appointment on November 29, 2017, approximately two months post-vaccination. Status Report at 2 (quoting Exhibit 6 at 2-5). Although he exhibited "some distal sensory loss in his lower extremities on exam, it was attributed to his longstanding 'history of diabetic polyneuropathy.'" *Id.* When discharged from physical therapy (PT") the next day, it was noted that Petitioner had regained all strength and achieved all goals. Status Report at 2 (quoting Exhibit 5 at 13).

I found Respondent's argument to be supported by the record as it currently stood, and thus allowed Petitioner the opportunity to provide the needed evidence. Over the subsequent four months, he produced only an insurance statement, listing benefits paid in October 2017. Additional Documentation, filed May 23, 2022, ECF No. 59. Petitioner failed to respond to additional orders – including a final order to show cause issued on September 8, 2022. ECF No. 62.

### Conclusion

To date, and despite ample opportunity, Petitioner has failed to provide preponderant evidence that he suffered the residual effects of his alleged GBS injury for more than six months, or suffered an in hospital surgical intervention in the alternative. Section 11(c)(1)(D).

Petitioner was informed that failure to provide preponderant evidence to satisfy the Vaccine Act's severity requirement would be treated as either a failure to prosecute this claim or as an inability to provide supporting documentation for this claim. Accordingly, this case is DISMISSED for failure to prosecute. The Clerk shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.